### Ali S. MUHAMMAD, Appellant

v.

### FEDERAL DEPOSIT INSURANCE CORPORATION and JP Morgan Chase Bank, N.A., Appellees.

No. 10–5427.

United States Court of Appeals, District of Columbia Circuit.

Jan. 6, 2012.

Ali S. Muhammad, Atlanta, GA, pro se.

Frederick Arnold Douglas, Esquire, Douglas & Boykin PLLC, James Conwell Kilbourne, U.S. Department of Justice, Washington, DC, Colleen Joy Boles, Assistant General Counsel, Jerome A. Madden, Esquire, Lawrence Richmond, Senior Counsel, Federal Deposit Insurance Corporation, Arlington, VA, Amy Sanborn Owen, Cochran & Owen, LLC, Vienna, VA, for Appellees.

BEFORE: BROWN, GRIFFITH, and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's November 17, 2010 order be affirmed. Appellant's complaint was properly dismissed as to JP Morgan Chase Bank, because the complaint failed to present any facts suggesting wrongdoing on the part of Chase. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face") (internal quotation marks and citations omitted).

In addition, the district court properly dismissed appellant's complaint as to the Federal Deposit Insurance Corporation for lack of jurisdiction, pursuant to 12 U.S.C. § 1821(d)(5)(E). Section 1821(d)(6)(A)(ii)

provides for the filing of a district court complaint in which the claimant may seek de novo consideration of his underlying claim, but appellant in his complaint sought district court review of the FDIC's disallowance of his claim, which § 1821(d)(5)(E) precludes. *See Office & Prof'l Emps. Int'l Union, Local 2 v. FDIC,* 962 F.2d 63, 65 (D.C.Cir.1992); *Brady Dev. Co., Inc. v. Resolution Trust Corp.,* 14 F.3d 998, 1003 (4th Cir.1994). Appellant contends on appeal that his complaint sought de novo review, but he has failed to cite any portion of the complaint demonstrating a request for relief de novo.

Even if appellant's complaint were construed as seeking de novo district court review of his claims, the complaint was not timely filed. Under 12 U.S.C. § 1821(d)(6), the district court has jurisdiction to consider a claim de novo if the district court action is filed within 60 days of *the earlier of:* (1) the end of the 180–day period in which the FDIC is to decide whether to allow or disallow a claim that has been filed before it as receiver, *see* § 1821(d)(5)(A)(i); or (2) the date on which the FDIC provides notice of its disallowance of the claim pursuant to § 1821(d)(5)(A)(i). In appellant's case, the 180–day period closed on July 14, 2009, and the FDIC disallowed appellant's claim on October 8, 2009. Pursuant to § 1821(d)(6), the complaint, therefore, had to be filed within 60 days of July 14, 2009, the *earlier* of the two dates. The complaint, however, was not filed until December 4, 2009.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.